RONALD L. RICHMAN (SBN 139189)
ADAM THOMAS (SBN 297249)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA  94104-4146
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:      ron.richman@bullivant.com
                 adam.thomas@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>          Plaintiffs,<br><br>   vs.<br><br>MARGIN CONSTRUCTION, INC., a California corporation,<br><br>          Defendant. | Case No.:<br><br>**COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR A MANDATORY INJUNCTION** |

NOW COME the plaintiffs, hereinabove named, and for their causes of action against defendant, allege as follows:

## I. JURISDICTION AND VENUE

1. This is an action for damages for breach of the collective bargaining agreement described below and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. §185 (§301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§1132(a)(3) and 1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises from the defendant's failure to permit an audit of its books and records as required by the collective bargaining agreements, by the written trust agreements and by provisions of federal law.

2. Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District of California, and the covered work performed by defendant is within the venue of this Court.

## II. PARTIES

3. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California are the plaintiffs herein. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("the Trust Funds") are trust funds organized under and pursuant to the provisions of §§302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§186(c)(5) and 186(c)(6). The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers ("Laborers Union") and employer associations representing construction industry employers doing business in Northern California. The Trust Funds are employee benefit plans created by written trust agreements subject to and pursuant to §§3(3) and 3(37) of ERISA, 29 U.S.C. §§1002(3)

and (37).  The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

4.      Each of the Trust Funds is a third-party beneficiary of the collective bargaining agreement described below.

5.      At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to §302 of the Labor Management Relations Act, 29 U.S.C. §186, and a multi-employer benefit plan within the meaning of Sections 3 and 4 of ERISA, 29 U.S.C. §§1002, 1003.

6.      The Trust Funds provide a variety of benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements.  The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7.      Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant Margin Construction, Inc. ("Margin Construction") is a California corporation, a licensed contractor in California, with its principal place of business located in San Leandro, California.  Plaintiffs are further informed and believe, and upon that ground allege, that Margin Construction is and has been an employer within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C. §§1002(5), 1145 and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

### III. FIRST CLAIM FOR RELIEF
### (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

8.      Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-7 of this complaint.

9.      On or about June 20, 2016, Margin Construction executed a Memorandum Agreement.  By virtue of signing the Memorandum Agreement, Margin Construction became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement for Northern

California ("Master Agreement"). In agreeing to be bound to the Master Agreement, Margin Construction further agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the trust funds. Pursuant to the provisions of the Master Agreement, Margin Construction agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

10. By virtue of the Master Agreement and Trust Agreements, defendant promised and agreed that: (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against him, it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11. By virtue of the Master Agreement and Trust Agreements, defendant further promised and agreed that it would permit an auditor assigned by the Trust Funds to enter upon Margin Construction 's business premises, during business hours, at a reasonable time or times, not less than two (2) working days after such request, to examine and copy such books and records, papers or reports of Margin Construction as may be necessary to determine whether defendant is making full and prompt payment of all sums to be paid to the Trust Funds.

12. The Master Agreement between the Laborers Union and Margin Construction has never been terminated.

13. Plaintiffs have performed all conditions, covenants, and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

14. The Trust Funds have requested entry by their auditors to Margin Construction's books and records pursuant to the terms and conditions of the Master Agreement and Trust Agreements.

15. Margin Construction has refused and continues to refuse to allow the auditor assigned by the Trust Funds to inspect and copy its books and records.

16. Plaintiffs are informed and believe that an inspection of Margin Construction's books and records will show unpaid and delinquent employee fringe benefit contributions owed to the Trust Funds and that Margin Construction owes interest and liquidated damages on said unpaid and delinquent fringe benefit contributions all in an amount to be proved at trial.

17. Margin Construction has materially breached and broke the aforesaid Master Agreement and Trust Agreements by (a) refusing to allow the inspection and copy of its business records by the Trust Funds' auditors; and (b) failing to pay all employee fringe benefit contributions owed to the Trust Funds under the terms and conditions of the Master Agreement and Trust Agreements. Plaintiffs will move to further amend this complaint once the audit is completed and the amount of delinquent employee fringe benefit contributions is calculated.

18. The aforesaid material breaches proximately caused damages to plaintiffs in an amount according to proof at trial.

19. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the Trust Agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

### IV. <u>SECOND CLAIM FOR RELIEF</u>
### (MANDATORY INJUNCTION)
### (ERISA § 502(G)(2)(E))

20. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-19 of this complaint.

21. Pursuant to the terms and conditions of the Master Agreement and Trust Agreements, Margin Construction is required to allow the Trust Funds access to its books and records to determine the amount of trust fund contributions due and owing. Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made.  The purposes of the respective Trust Funds are to provide health and welfare, vacation, pension and other benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

22. Pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein.  Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring Margin Construction to permit plaintiffs' auditor access to its books and records in order to permit plaintiffs to verify the precise amounts owed by defendant to the Trust Funds.

23. Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy in that an audit of Margin Construction's books and records is the only means to accurately verify the amounts owed by defendant to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as follows:

## V. **RELIEF REQUESTED**

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement against Margin Construction for all unpaid contributions, additional accrued interest, and liquidated damages, and such other or further amounts as may be shown at trial and as may be discovered after plaintiffs have had the opportunity to conduct an audit of its books and record, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2.  On the Second Claim for Relief, that Margin Construction be compelled to forthwith submit to an audit by an auditor selected by plaintiffs, and to allow said auditor to examine and copy such books, records, papers, and reports that are relevant to the enforcement of the collective bargaining agreement and trust agreements for Margin Construction including, but not limited to, the following, for the period July 2016 through the last completed quarter:

> California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

DATED: January 24, 2022

BULLIVANT HOUSER BAILEY PC

By  /s/ Ronald L. Richman
Ronald L. Richman
Adam Thomas

Attorneys for Plaintiffs